**STATE of Missouri, Respondent,**

v.

**Lee Arthur FIELDS, Appellant.**

**No. 69378.**

Supreme Court of Missouri,
En Banc.

Nov. 17, 1987.

Maria V. Perron, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Donna Richards–Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent.

WELLIVER, Judge.

Appellant, Lee Arthur Fields was convicted of two counts of rape, § 566.030.3, RSMo Supp.1984 and three counts of sodomy, § 566.060.3, RSMo Supp.1984. Appellant was sentenced to concurrent sentences of 15 years for the two counts of rape and consecutive sentences of eight years for each count of sodomy. Appellant appealed from the convictions of rape and sodomy. The Eastern District affirmed in a memorandum opinion. Rule 30.25(b). We transferred the cause and examine as if on original appeal. Mo. Const. art. V, § 10. We affirm.

**I**

In early July, 1985, Joyce Fields, wife of appellant, observed that her daughters S____, then 13 and B____ then 12, displayed unusual behavior when appellant, their stepfather would come home. Two days before taking her daughters to the police, B____ told Mrs. Fields that appellant had been "messing with her, touching her." S____ agreed with B____.

On July 8, 1985, Mrs. Fields took S___ and B___ to the Pine Lawn Police Department. At that time, William Ostendorf, detective with the St. Louis County Police Juvenile Unit, and Suzanne McCune, investigator for the Child Abuse Neglect Intake Unit of the Missouri Division of Family Services, interviewed both girls. Detective Robert Thompson of the St. Louis County Police, Juvenile Unit was also present, but did not conduct the interview. At appellant's trial, Ms. McCune testified that S___ told her that sexual abuse by appellant began when she was eight years old and that she had sexual intercourse with appellant over 100 times. S___ described three occasions in which appellant would have sexual intercourse with her and make B___ watch. He would also put his finger on B___'s vagina. Additionally, S___ described incidents in which appellant would force her to take baths with appellant and have sexual intercourse with her and put his finger in her vagina. Also, appellant asked S___ "to do his penis." S___ refused, and appellant offered to put chocolate or jelly on it and S___ still refused. Ms. McCune also testified that S___ told her that on July 2, 1985, appellant took off her clothes and put his finger in her vagina, then took off his clothes and put his penis in her vagina. At that time S___ also stated that appellant touched her breast and placed his mouth on her breast. Ms. McCune stated that at the interview, S___ did not appear to be angry towards appellant.

Ms. McCune and Detective Ostendorf also interviewed B___. Ms. McCune testified that B___ stated that appellant touched her since the age of eight. Ms. McCune testified that B___ stated that Mr. Fields insisted she take baths with him in which he would put his penis in her vagina and his tongue in her vagina and that she was forced to kiss him on the mouth. B___ also described how appellant would call her and S___ into his room and instruct each of them to take their clothes off and lie on top of each other and insert their fingers in each other's vagina. They refused, and then appellant told S___ to hold open B___'s vagina and then he would insert his finger in B___'s vagina. Ms. McCune also testified that B___ described the latest incident with appellant that occurred on June 24, 1985. On that day, appellant kept B___ home from summer school classes. Appellant took her to the front room where there was a pallet that had been used as a water bed. Appellant told B___ to take her clothes off, appellant was not wearing any clothes. Appellant put his finger in her vagina and then took her to her brother's room and laid her on the bed, got on top of her and put his penis in her vagina. Ms. McCune stated that B___ utilized slang terms, but believed she could not have described such incidents without actually experiencing them.

Both Ms. McCune and Detective Ostendorf testified that on July 9, 1985, they interviewed appellant. Prior to the interview, Detective Ostendorf gave appellant a copy of a warning and waiver form and read appellant his *Miranda* rights printed on the form. Appellant initialed each of the rights as they were read to him and signed the form. Ms. McCune and Detective Ostendorf also signed the form in appellant's presence. They asked appellant whether the aforementioned allegations described by S___ and B___ were true. Appellant admitted that all allegations were true with the exception of taking baths with B___. Appellant also told them he did not threaten the girls with whippings.

Appellant was tried on five counts: Count I, rape of B___ on June 24, 1985; Count II, sodomy of B___ on June 24, 1985; Count III, sodomy of B___ between July 9, 1984 and July 9, 1985; Count IV, rape of S___ on July 2, 1985; Count V, sodomy of S___ on July 2, 1985. At trial, S___, now 14 years old, testified that appellant only touched her vagina. She also testified that she saw her stepfather touch B___'s vagina with his finger once. S___ stated that she might have told Detective Ostendorf and Ms. McCune that appellant asked to take a bath with her, but that she did not like it and appellant never asked her again. B___, now 13 years old, also testified that appellant only touched her

vagina, and that sometimes he took his clothes off when he did this. She further testified that she was about 11 years old when this started, and it would happen every couple of days. With respect to the occurrence on June 24, 1985, B____ stated that she told Detective Ostendorf and Ms. McCune that she took her clothes off in accordance with the appellant's instructions and that he put his finger in her vagina. She stated she cried and that appellant threatened to whip her if she did not stop crying.

Ms. McCune testified that time lapse and family pressures can cause children to change their stories from when it was initially given. Appellant's trial took place almost nine months after Mrs. Fields brought her daughters into the police station.

At trial, the court instructed on rape [1] and sodomy.[2] Appellant requested two sets of instructions for first degree sexual abuse, § 566.100.1(1), RSMo 1978 [3] and second degree sexual abuse, § 566.110, RSMo 1978 [4] for each count. The trial court refused the instructions stating that the evidence indicated completed sodomy occurred and that sexual abuse offenses are not lesser included offenses. The jury convicted appellant on all five counts two rape and three sodomy counts.

## II

Appellant raises the issue that the trial court erred in refusing appellant's instructions B through L [5] because "the evidence

---

1. Under the applicable portion of the statute: A person commits the crime of rape if he has sexual intercourse with another person to whom he is not married who is less than fourteen years old. § 566.030.3, RSMo Supp.1984.

2. Under the applicable portion of the statute: A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old. § 566.060.3, RSMo Supp. 1984.

3. 1. A person commits the crime of sexual abuse in the first degree if:
   (1) He subjects another person to whom he is not married to sexual contact without that person's consent by the use of forcible compulsion.... § 566.100.1(1), RSMo 1978.

4. 1. A person commits the crime of sexual abuse in the first degree if:
   (1) He subjects another person to whom he is not married to sexual contact without that person's consent by the use of forcible compulsion.... § 566.100.1(1), RSMo 1978. 1. A person commits the crime of sexual abuse in the second degree if he subjects another person to whom he is not married to sexual contact, when the other person is incapacitated or twelve or thirteen years old. § 566.110.1, RSMo 1978.

5. Appellant's Instruction B:
   The following term used in these instructions is defined as follows:
   Sexual contact means any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person.
   Instruction B does not on its face cite MAI, but does conform with MAI–CR2d 33.01.

Appellant's instructions C–G alleged sexual abuse in the first degree. Identical instructions were offered in each, substituting the particular facts for each count:
   If you do not find the defendant guilty under Count [...] of [...] you must consider whether he is guilty of sexual abuse in the first degree.
   If you find and believe from the evidence beyond a reasonable doubt:
   First, that [...] in the County of St. Louis, State of Missouri, the defendant was not married to [...] and
   Second, that at that time and place the defendant subjected [...] to sexual contact, and
   Third, that defendant did so without her consent by the use of forcible compulsion,
   then you will find that defendant guilty under Count [...] of sexual abuse in the first degree....
Appellant's instructions C–G follow MAI–CR2d 20.16.1, but paragraph one is modified for the submission of first degree sexual abuse as a lesser included offense.
   Appellant's instructions H–L alleged sexual abuse in the second degree. Identical instructions were offered in each, substituting the particular facts for each count in each instruction:
   If you do not find the defendant guilty under Count [...] of [...] you must consider whether he is guilty of sexual abuse in the second degree.
   If you find and believe from the evidence beyond a reasonable doubt:
   First, that [...] in the County of St. Louis, State of Missouri, the defendant was not married to [...] and
   Second, that at that time and place the defendant subjected [...] to sexual contact, and
   Third, that at that time [...] was [...] years old,

adduced at trial warranted the submission of lesser included offenses for which the appellant was being charged." Appellant asserts that sexual abuse may be a lesser included offense and that only some evidence is required to support the submission of a lesser included instruction. Appellant states that the testimony that he only touched their vaginas was sufficient evidence to submit an instruction on a lesser included offense.

### III

■ Sexual abuse in the first and second degree, under the facts of this case, are not lesser included offenses of rape. The greater offense must include all the elements of the lesser offense, but if the lesser offense includes a necessary element not included in the greater offense, the lesser offense cannot be a lesser included offense. *State v. Smith,* 592 S.W.2d 165, 166 (Mo. banc 1979), citing *State v. Amsden,* 299 S.W.2d 498, 504 (Mo.1957). In *Smith,* the Court utilized the statutory elements test to determine if an offense was a lesser included offense. *Smith,* 592 S.W.2d at 166. In the statutory elements test, a comparison is made between the statutes at issue to determine if all the legal and factual elements of the lesser offense are included in the greater offense. *Id.*

■ This Court previously has stated that sexual abuse in the third degree [6] is not a lesser included offense of rape. *State v. Harris,* 620 S.W.2d 349 (Mo. banc 1981). In *Harris,* this Court found that because sexual abuse required sexual contact and sexual contact included the mental element of "for the purpose of arousing or gratifying sexual desire of any person" § 566.010.1(3), RSMo 1978, and rape required no mental state, sexual abuse in the third degree was not a lesser included offense of rape. *Harris,* 620 S.W.2d at 354–55.

The same element of sexual contact is also present in a first degree sexual abuse, § 566.100.1(1), RSMo 1978, and second degree sexual abuse, § 566.110.1, RSMo 1978. Thus, following *Harris,* these two offenses are not lesser included offenses of rape. Appellant is not entitled to instructions for these offenses.

### IV

■ Sexual abuse in the first degree, § 566.100.1(1), RSMo 1978 is not a lesser included offense of sodomy. Appellant's instruction required that the jury find that appellant engaged in sexual contact without complainants' consent by the use of forcible compulsion. This element is not present in sodomy. Thus, § 566.100.1(1), RSMo 1978 includes a necessary element not included in the greater offense of sodomy, and therefore is not a lesser included offense. *See State v. Smith, supra.*

### V

Appellant contends sexual abuse in the second degree, under the facts of this case is a lesser included offense of sodomy. Sodomy prohibits deviate sexual intercourse. Deviate sexual intercourse "means any sexual act involving the genitals of one person and the mouth, tongue, hand, or anus of another person." § 566.010.1(2), RSMo 1978. Sodomy, among other things, can include acts that do not involve penal penetration. *State v. Gibson,* 623 S.W.2d 93, 99 (Mo.App.1981). Sexual abuse in the second degree, though, is committed if the actor subjects the victim to "sexual contact" which is defined:

> (3) "Sexual contact" means any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person.

then you will find the defendant guilty of Count [ ...] of sexual abuse in the second degree....
Appellant's instructions H–L follow, without citing, MAI–CR2d 20.18, but paragraph one is modified for the submission of second degree sexual abuse as a lesser included offense.

6.   1. A person commits the crime of sexual abuse in the third degree if he subjects another person to whom he is not married to sexual contact without that person's consent.
§ 566.120, RSMo 1978.

§ 566.010.1(3), RSMo 1978. Sodomy and sexual abuse in the second degree both prohibit conduct consisting of touching the female genitals.

This Court has not answered the question whether sexual abuse in the second degree is a lesser included offense of sodomy, but has decided the related issue in *Harris, supra,* that sexual abuse in the third degree is not a lesser included offense of rape, because rape did not require a mental element. *Harris,* 620 S.W.2d at 354–55.

In *State v. Gibson,* 623 S.W.2d 93, 99 (Mo.App.1981), the Western District Court of Appeals concluded that the *Harris* rationale was not determinative of the question of whether sexual abuse is a lesser included offense of sodomy because sodomy, unlike rape, does include a mental element. The *Gibson* court concluded, and we agree, that "deviate sexual intercourse" implies an intent to arouse or gratify sexual desire. To hold otherwise would be to criminalize innocent contacts and touchings (such as doctor's physical examinations or perhaps quarterbacks awaiting the snap of the football). The *Gibson* court went on to conclude that sexual abuse, depending on the facts and the degree of the sexual abuse charged, might be a lesser included offense to sodomy, *id.* at 100, but concluded that on their facts, there was no evidence to support the giving of a lesser included offense instruction.

The Eastern District Court of Appeals, *State v. Shannon,* 637 S.W.2d 393 (Mo. App.1982), appeared to reach a contrary result, stating that there was no mental element in sodomy. In the subsequent case of *State v. Holmes,* 654 S.W.2d 133, 136 (Mo.App.1983) the Eastern District, finding sodomy without penetration, concluded that on such facts, sodomy and sexual abuse are separate offenses consisting of the same elements, and that it was in the discretion of the prosecutor which offense he would charge. *See also, State v. Hicks,* 716 S.W.2d 387 (Mo.App.1986). In

*Holmes* the defendant forcibly rubbed his penis against the victim's anus, vagina and legs. *Holmes,* 654 S.W.2d at 135.

In *State v. Moseley,* 735 S.W.2d 46 (Mo. App.1987) defendant was charged with sodomy in the information and the case was submitted on sodomy and first degree sexual abuse [7] as a lesser included offense of sodomy. The jury convicted him of first degree sexual abuse and acquitted him of the crime of sodomy. A reversal of the sex abuse count was required for instructional error. The court was faced with the question of whether they could remand for retrial. Clearly, the defendant could not be retried for the sodomy count for which he had been acquitted. The court said that since sexual abuse was not a lesser included offense of sodomy, the posture of the case was the same as if sexual abuse had never been submitted, and all that they could do was reverse the sodomy case outright and leave to another day the question of whether the prosecutor could refile the sexual abuse charge which was a charge containing the identical elements of sodomy.

The evidence in this case that appellant touched the girls' vaginas would be sufficient to satisfy either sodomy or sexual abuse in the second degree. The *Gibson* court attempted to distinguish deviate sexual intercourse and sexual contact by stating that the former requires a reciprocity of action between the parties and the latter requires that the accused perform some act. *Gibson,* 623 S.W.2d at 100. However, in cases, where only touching is alleged, no such distinction can be drawn. The instruction here submitted by the defendant (footnote 5) required the jury to find that (1) the appellant was not married to the complainant on the date and place alleged; (2) that appellant subjected the complainant to sexual contact and (3) the complainant was twelve or thirteen years old. If the appellant only touched the victim, then both sodomy and sexual abuse second degree prohibit the same conduct. Sexual

---

7. "(2) He subjects another person who is less than twelve years old to sexual contact."

§ 566.100.1(2), RSMo 1978, 1986.

abuse in the second degree is not a lesser included offense of sodomy.

There is no question the legislature is at liberty to provide that the same conduct may constitute different offenses. If such is done, the prosecutor has the discretion to decide which offense is charged.[8]

The judgment of the trial court is affirmed.

All concur.

---

**8.** We are aware that if two offenses prohibit the same conduct, and there is definite legislative intent to authorize cumulative punishment for both, the prosecutor can seek conviction on both offenses in the same trial, *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).