Jackie Eugene BOSWELL,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 17246.

Missouri Court of Appeals,
Southern District,
Division One.

July 17, 1991.

Brad B. Baker, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Presiding Judge.

Movant Jackie Eugene Boswell was charged with the class B felony of sodomy in that he had deviate sexual intercourse with M___L___A___ to whom he was not married and who was less than fourteen years old. § 566.060. Pursuant to a plea bargain, he entered a plea of guilty and was sentenced to imprisonment for ten years. The motion court denied his motion under Rule 24.035 attacking that plea and sentence.

M___L___A___ was movant's stepdaughter. His sole point on appeal, presented by counsel upon movant's insistence, is that he received ineffective assistance of counsel because he was not advised that incest, § 568.020, was a lesser included offense.

The point has no merit for a number of reasons. It is sufficient to state only one. Incest is defined as engaging in sexual intercourse or deviate sexual intercourse with a person the defendant knows to be within one of four specified relationships, including a stepchild while the mar-

riage creating that relationship exists. § 568.020.

"The greater offense must include all the elements of the lesser offense, but if the lesser offense includes a necessary element not included in the greater offense, the lesser offense cannot be a lesser included offense. (citation omitted)." *State v. Fields*, 739 S.W.2d 700, 703 (Mo. banc 1987).

The requirement that a victim bear a specified relationship to a defendant is not an element of deviate sexual intercourse as defined in § 566.060. The judgment of the motion court is affirmed.

PREWITT and CROW, JJ., concur.