**STATE of Missouri, Respondent,**

v.

**Ronnie HARNAR, Appellant.**

**No. 17623.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 29, 1992.

Edward G. Farmer, Jr., Joplin, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Ronnie Harnar (defendant) was convicted of the crime of sodomy, § 566.060(3),[1] after trial by jury. He was sentenced to a term of fifteen years' imprisonment. The information alleged the crime occurred during the time period of January 1989 through May 1990. Defendant appeals the conviction.

Four points are raised on appeal. Because the fourth point is dispositive of the appeal, the other points will not be addressed.

Defendant's last point complains of error in the submission in the verdict director instruction patterned after MAI–CR3d 320.-08.2 for failure to define the term "deviate sexual intercourse." For reasons which follow we reverse the judgment.

J.H. was born July 6, 1987. She and her two brothers were placed by the Division of

---

**1.** Statutory references are to RSMo 1986 unless otherwise indicated.

Family Services (DFS) in the custody of defendant and his wife Dorothy in 1989. For approximately eight years defendant and his wife had acted as foster parents accepting children in their "licensed foster home."

In early 1990, Janice Carter and her husband were contacted by DFS concerning possible adoption of J.H. and her brothers. Weekend visits to the Carter home by the three children were arranged by DFS. On the first such visit in March 1990 Mrs. Carter noted J.H. was potty trained but wore a diaper at night. On this visit J.H. complained that her "wee-wee" hurt, and it was painful for her to sit down. Mrs. Carter observed that the vaginal area of J.H. was red and inflamed. This condition was reported to DFS.

On May 21, 1990, the three foster children came to live with the Carters on a permanent basis. Some three months later, on August 24, 1990, Mrs. Carter was putting J.H. down for a nap. The little girl asked her foster mother if she "preferred kids that had clothes on, or kids that were naked." At that time J.H. was clad in her underwear. After that unusual question J.H. related to Mrs. Carter that defendant "put medicine on her wee-wee, and that he put his finger in her wee-wee, and that it hurted [sic]." J.H. said she called out for defendant's wife after she asked defendant to stop. The little girl indicated defendant was naked, that he "rubbed it, and that it squirted yucky stuff." The incident was said to have occurred in defendant's bathroom.

On the day before trial a hearing was conducted pursuant to § 491.075.1(1).[2] The court found the time, content, and circumstances of the August 24, 1990, statement of J.H. provided sufficient indicia of reliability. At this hearing J.H. testified only

that defendant "put medicine in and on my wee-wee."

Trial was held April 23, 1991. Again, J.H. testified solely that defendant put medicine on her wee-wee. Mrs. Carter testified to the August 24, 1990, incident previously mentioned. Defendant testified he put Desitin ointment on the vaginal area of J.H. for her diaper rash and denied the occurrence of any of the events related by J.H. on August 24, 1990.

At the instruction conference defendant made a general objection to Instruction 5. After overruling the objection the court gave the following verdict directing instruction:

## INSTRUCTION NO. 5

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or during the time period of January 1989, through May, 1990, in the County of Newton, State of Missouri, the defendant stuck his finger in [J.H.'s] vagina, and

Second, that [J.H.] was then less than fourteen years old, and

Third, that defendant was not then married to [J.H.],

then you will find the defendant guilty of sodomy.

However, unless you find the [sic] believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of sodomy, you will assess and declare the punishment at imprisonment for a term of years fixed by you, but not less than five years, and not to exceed fifteen years.

---

2. § 491.075 reads, in relevant part:

 **Statement of child under twelve admissible, when.**—1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness.

MAI–CR 3d 320.08.2 4–23–91
MAI–CR 3d 304.02 Offered by State

The State concedes that the "prosecutor inadvertently submitted an outdated verdict director, MAI–CR3d 320.08.2 (1–1–87), which did not define deviate sexual intercourse." The appropriate verdict director at the time of this trial was MAI–CR3d 320.08.2 (1–1–89).[3] By Supreme Court order dated March 9, 1989, the revised instruction (1–1–89), "must be used and followed on and after July 1, 1989...." The trial of this case took place on April 23, 1991.

The immediate predecessor to MAI–CR3d 320.08.2 (1–1–89) did not contain this definitional paragraph:

> As used in this instruction, the term "deviate sexual intercourse" means any act involving the genitals of one person and the mouth, tongue, hand, or anus of another person done for the purpose of arousing or gratifying the sexual desire of any person.

The addition of the above definitional paragraph to MAI–CR3d 320.08.2 (1–1–87) came about as a result of the decision in *State v. Fields,* 739 S.W.2d 700 (Mo.banc 1987). That case made clear that an innocent touching is not a criminal act and clarified "that 'deviate sexual intercourse' implies an intent to arouse or gratify sexual desire." *Id.* at 704.

Furthermore, Instruction 5 entirely omitted the following paragraph, "Second, that such conduct constituted deviate sexual intercourse." Inclusion of that paragraph and a definition of deviate sexual intercourse was required by MAI–CR3d 320.08.2 (1–1–89). For conviction, the jury in this case was not required to find that defendant's alleged act constituted "deviate sexual intercourse" nor were they instructed on the definition of that term.

 The State correctly points out that defendant has failed to properly preserve this point for appellate review. Defendant failed to set forth Instruction 5 in full in the argument portion of his brief. By Rule 30.06(e),[4] "[i]f a point relates to the giving, refusal, or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief." Defendant's failure to comply with this rule does not preserve his point for our review. *State v. Williams,* 674 S.W.2d 46, 48 (Mo. App.1984).

 Because of the obvious deficiencies of Instruction 5 we must determine if plain error review is warranted. Under Rule 30.20 we have the discretion to consider plain error affecting substantial rights upon a finding that manifest injustice or miscarriage of justice has resulted from such error. *State v. Childers,* 801 S.W.2d 442, 444 (Mo.App.1990). Plain error exists only if manifest injustice or miscarriage of justice resulted from the giving of Instruction 5.

Whenever there is an MAI–CR instruction applicable under the law and Notes on Use, the MAI–CR instruction shall be given to the exclusion of any other instruction. Rule 28.02(c). The giving of an instruction in violation of this rule constitutes error, its prejudicial effect to be judicially determined. Rule 28.02(f); *State v. Livingston,* 801 S.W.2d 344, 348 (Mo.banc 1990). "[S]uch errors are presumptively prejudicial unless the contrary is clearly demonstrated." *Id.* at 348.

Even with the above principles in mind, we have no exact formula to follow for finding the existence of plain error. However, the following statement from *State v. Miller,* 604 S.W.2d 702, 706 (Mo.App.1980), is helpful:

> Unfortunately, no talismanic method exists for determining "plain error". It can be said, however, that "plain error" is "prejudicial error" which so substantially affects the rights of an accused that "manifest injustice" or a "miscarriage of justice" inexorably results if left

3. MAI–CR3d 320.08.2 (1–1–89) has again been revised bearing the date 9–1–91. However, it applies to crimes committed on or after August 28, 1990. The alleged crime here occurred prior to the aforesaid date.

4. All rule references are to Missouri Rules of Court (1992) unless otherwise indicated.

uncorrected. Thus, "plain error" is a unique and elusive concept because of its lack of fixed dimension. Consequently, it has been judicially recognized that the existence or non-existence of "plain error" must be coped with on a case to case basis and rebalanced each time against the particular facts and circumstances of each case.

In the present case the trial court gave Instruction 5 which clearly omitted any requirement that the jury find defendant's alleged actions constituted deviate sexual intercourse. That term is nowhere to be found in the instruction. Under that circumstance, it is little wonder why the term was undefined.

Section 566.060(3) describes the crime of sodomy as follows:

A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old.

At the heart of this crime is an act which amounts to deviate sexual intercourse. After *Fields*, the definition of that term was expanded in MAI–CR3d 320.08.2 (1-1-89) to require a finding that a defendant's act was done for the purpose of arousing or gratifying the sexual desire of any person. The definition was added to avoid making criminal an "innocent touching," such as a doctor examining a patient.

Here, the jury heard evidence from Mrs. Carter which clearly fit within the definition of deviate sexual intercourse, yet the jury was unaware of the definition. On the other hand, J.H. plainly testified to an innocent touching similar to the doctor-patient example in *Fields*. We have no way to know whether the jury believed Mrs. Carter or J.H. or both. If the jury believed J.H. only, defendant was convicted of an innocent touching, an act not criminal according to *Fields*. Instruction 5 would have allowed the jury to return a guilty verdict on solely the testimony of J.H. because no finding of an act of deviate sexual intercourse was required. Definition of that term necessarily includes a finding that defendant committed the act for the

purpose of arousing or gratifying a sexual desire.

We are mindful of the cases cited by the State which hold that plain error has not occurred when an instruction omits an essential element of the crime where that omitted element was not specifically controverted. Those cases are *State v. Fowler*, 762 S.W.2d 540, 541 (Mo.App.1988); *State v. Walton*, 703 S.W.2d 540, 542 (Mo. App.1985); *State v. Miller*, 604 S.W.2d 702, 707–708 (Mo.App.1980); and *State v. Purk*, 625 S.W.2d 888, 890 (Mo.App.1981). These cases are not factually similar to the present case. None relate to instructions that omit a definition of deviate sexual intercourse after both the defendant and victim have testified to acts that could be characterized as an innocent touching.

The State relies most heavily on *State v. Keil*, 794 S.W.2d 289 (Mo.App.1990), where the definition of deviate sexual intercourse was omitted in the verdict director. The eastern district court actually held the version of MAI–CR3d 320.08.2 given at trial was proper because the revised instruction, MAI–CR3d 320.08.2 (1–1–89), had not been "publicly disseminated at the time of the trial." *Id.* at 292. We view the remaining discussion on that issue as dicta. In any event, *Keil* is distinguishable on the facts due to the victim's strong testimony of defendant's highly improper acts, in contrast to the victim's testimony here.

In this case, defendant was found guilty of sodomy based on an instruction which omitted an essential element of the crime. "It is fundamental that an instruction cover all essential elements of an offense embraced within the charge." *State v. Shirley*, 657 S.W.2d 686, 688 (Mo.App.1983). We believe a fundamental right of defendant was violated by Instruction 5, resulting in manifest injustice and a miscarriage of justice. Plain error exists.

The remaining points need not be addressed. The prosecutor is aware of defendant's complaints and may consider them in retrial of this case.

For the reasons mentioned, this Court must reverse the judgment and remand the case for a new trial. It is so ordered.

SHRUM, P.J., and MAUS, J., concur.