**STATE of Missouri, Plaintiff–Respondent,**

v.

**Perry F. DAVENPORT, Defendant–Appellant.**

**No. 26238.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 13, 2005.

Motion for Rehearing or Transfer Denied Oct. 5, 2005.

Application for Transfer Denied Nov. 22, 2005.

Jason T. Umbarger, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, for respondent.

---

PHILLIP R. GARRISON, Presiding Judge.

A jury found Perry F. Davenport ("Defendant") guilty of statutory sodomy in the first degree, a violation of Section 566.062,[1] for which he was sentenced to a term of ten years in the Department of Corrections. He now appeals, claiming; instructional error, that certain testimony was inadmissible hearsay, and that the victim's testimony was inappropriately bolstered by additional evidence. We reverse and remand.

Defendant does not contest the sufficiency of the evidence supporting his conviction. Viewed in the light most favorable to the verdict the evidence revealed the following: sometime in late August 2002, eleven-year-old D.S. ("the victim"), moved with her eight-year-old brother to Springfield, Missouri to live with their aunt and uncle (Defendant). In October 2002, all of them moved to Fordland, Missouri, where they were living at the time of the offense charged in this case.

On or about December 6, 2002, the victim was in the living room of her home when Defendant told her to turn around. When she asked "why," telling Defendant that she had to do her homework, he turned her around, stuck his hand down her pants, and pushed his finger into her vagina. He then whispered into her ear, "don't tell because if you do your [sic] going to end up in the system and that's what they do there."

Sometime later, the victim's mother asked her if her "grandpa," which is what the victim called Defendant, had ever touched her in a way he was not supposed to. She initially told her mother "no," but started to cry and then told her what happened. After the victim's mother reported this to authorities, Defendant was interviewed by Detective Rick Hamilton ("Detective Hamilton") and told him that "he rubbed her, he may have rubbed her stomach area." However, while Defendant was being held at the Webster County Sheriff's Office he told fellow inmate Scotty Mitchell ("Mitchell") that he was in jail because he "had finger f—d his foster child." He also told Mitchell that the child was a ten-year-old female, and that the allegations were true.

On this appeal defendant relies on three points of error, however, as we find that Point I necessitates a reversal and remand we need not consider his remaining claims. Appellant contends that the trial court erred in refusing to give jury Instruction A, a converse instruction tendered by him. The verdict directing instruction to which it was directed was Instruction No. 5 which read:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about December 06, 2002, in the County of Webster, State of Missouri, the defendant committed an act involving his hand and the genitals of [the victim], and

Second, that such conduct constituted deviate sexual intercourse, and

Third, that at that time [the victim] was less than twelve years old, Then you will find the defendant guilty of statutory sodomy in the first degree under this instruction.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "deviate sexual intercourse" means any act involving the genitals of one person and the hand, mouth, tongue, or anus of

---

1. All references to statutes are to RSMo (2000) unless otherwise indicated.

another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

Instruction A, which Defendant contends the trial court erroneously refused to give, read:

If you have a reasonable doubt as to whether [Defendant], on or about the 6th day of December, 2002, with the purpose of arousing or gratifying the sexual desire of any person, committed an act constituting deviate sexual intercourse involving the hand of [Defendant] and the genitals of [the victim], you must find the defendant not guilty of statutory sodomy in the first degree as submitted in Instruction No. 5.

Instruction A was refused because the trial court did not "believe it comported with the requirements of Missouri pattern instructions." It also believed that the proposed instruction "conversed too many things," and those elements that were conversed were not in the same order as presented in the verdict director. Defendant then submitted, and the trial court gave, Instruction No. 6 which stated:

If you have a reasonable doubt as to whether [Defendant], on or about the 6th day of December, 2002, committed an act involving his hand and the genitals of [the victim] and that such conduct constituted deviate sexual intercourse you must find the defendant not guilty of statutory Sodomy in the first degree as submitted in Instruction No. 5.

 A defendant is entitled to a converse instruction in proper form if requested. *State v. Mouse,* 989 S.W.2d 185, 191 (Mo.App. S.D.1999) *overruled on other grounds, State v. Pond,* 131 S.W.3d 792, 794 (Mo. banc 2004); MAI–CR 3d 308.02 Notes on Use 2 (9–1–01). A "trial court

errs if it does not instruct the jury in compliance with MAI–CR instructions and applicable notes." *State v. Mee,* 643 S.W.2d 601, 604 (Mo.App. E.D.1982); *Mouse,* 989 S.W.2d at 191. Failure to give such an instruction creates a presumption of prejudice. *State v. White,* 622 S.W.2d 939, 943 (Mo.1981); *See also State v. Dodson,* 491 S.W.2d 334, 339 (Mo. banc 1973).

A converse instruction based on MAI–CR 3d 308.02 "enables a defendant to select from a verdict director the element or elements that he wishes to emphasize." MAI–CR 3d 308.02, Notes on Use 2 (9–1–01). In particular, MAI–CR 3d 308.02, Notes on Use 4(D) (9–1–01) provides, in pertinent part:

Where the verdict director states in one paragraph a culpable mental state that applies to elements contained in another paragraph, a separate converse instruction can combine the culpable mental state with a particular element from another paragraph.

In this case, Defendant contends that Instruction A properly conversed not only the physical act submitted in Instruction No. 5, but also the culpable mental state of purposefully "arousing or gratifying the sexual desire of any person" as contained in the definition of "deviate sexual intercourse." *See* Section 566.010.

The State argues that the passage in Instruction A regarding the culpable mental state is in fact a portion of the definition rather than an element as presented in Instruction 5. The State points out that the approved form of converse instructions limits defendants to conversing only those elements present in the verdict director, MAI–CR 3d 308.02 (9–1–01). As such, alleges the State, Instruction A was not in proper form because it conversed a definition in addition to an element in Instruction 5.

The evolution of the mental requirement in the definition of "deviate sexual intercourse" illustrates that it does constitute a mental element of the offense. The phrase "for the purpose of arousing or gratifying the sexual desire of any person" was not present in the statutory definition of "deviate sexual intercourse" until 1994.[2] Section 566.010(1). However, this provision has always been part of the definition of "sexual contact." [3] Section 566.010(3). In *State v. Harris,* the Supreme Court of Missouri found that third degree sexual abuse, of which "sexual contact" is an element, was not a lesser included offense of rape. 620 S.W.2d 349, 355 (Mo. banc 1981). The Court reasoned that sexual contact "require[d] a mental state," in that the act covered by the definition must be done "for the purpose of arousing or gratifying sexual desire of any person." *Id.*

In *State v. Fields,* 739 S.W.2d 700, 704 (Mo. banc 1987), the Supreme Court of Missouri held that the definition of "deviate sexual intercourse," implied that the act be done "for the purpose of arousing or gratifying sexual desire of any person" in order to avoid criminalizing otherwise innocent touching. *See also State v. Harnar,* 833 S.W.2d 25, 28 (Mo.App. S.D.1992) (To hold otherwise would make "criminal an 'innocent touching,' such as a doctor examining a patient.") and *State v. Gibson,* 623 S.W.2d 93, 99–100 (Mo.App. W.D. 1981).

■ Following *Fields* the Supreme Court added the definition of "deviate sexual intercourse," including the culpable mental state, to the approved instruction for statutory sodomy. MAI 3d 320.08 (1–1–87); *Harnar,* 833 S.W.2d at 28. Failure to include this paragraph in the verdict director is considered presumptively prejudicial because the definition of "deviate sexual intercourse" is an essential element of the crime. *Id.* at 27–28. In 1994 the legislature codified the Court's reasoning in *Fields* by amending the definition of "deviate sexual intercourse" to require that a covered act be done for the "purpose of arousing or gratifying the sexual desire of any person." Section 566.010(1).

In light of this history the State's argument that Instruction A was not in proper form must fail. MAI–CR 3d 308.02 instructs defendants to "[i]nsert the element or elements to be covered in the converse instruction using the language from the verdict director." Instruction A did not use any language foreign to verdict directing Instruction 5, and as has been shown, the requirement that an act be "for the purpose of arousing or gratifying sexual desire of any person" constitutes a mental element of the offense. *Fields,* 739 S.W.2d at 704; *Harris,* 620 S.W.2d at 355; *see also State v. Londagin,* 102 S.W.3d 46, 52 n. 3 (Mo.App. S.D.2003).

■ The prejudicial effect of failing to give a jury instruction is for the court to decide. *White,* 622 S.W.2d at 943; *State v. Williams,* 611 S.W.2d 26, 29 (Mo. banc 1981). Instruction No. 6, given by the trial court, required the jury to find Defendant not guilty of sodomy in the first degree if

---

**2.** Section 566.010(1) currently defines "deviate sexual intercourse" as "any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person."

**3.** Section 566.010(3) defines "sexual contact" as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person."

they had a reasonable doubt as to whether he committed an act involving his and the genitals of the victim, and that such conduct constituted "deviate sexual intercourse." It did not, however, specifically converse the mental element of the offense as Defendant was entitled to do. Accordingly, we are constrained to reverse the judgment entered on the jury verdict and remand the case to the trial court for further proceedings.

PREWITT, J., concurs.

RAHMEYER, J., dissents in separate opinion.

NANCY STEFFEN RAHMEYER, Judge.

I respectfully dissent. Although I agree that the culpable mental state could have been properly conversed, I do not believe the proposed converse did so and was properly rejected by the trial court as it was confusing to read and was not in compliance with the MAI–CR instructions and applicable notes. Furthermore, Defendant was not prejudiced as he submitted, and the trial court gave, a proper converse.

The majority opinion simply reaches the issue of whether it is proper to converse the element of the culpable mental state, but does not analyze whether the proposed converse, Instruction No. 5, was a proper converse. I believe that is because of the confusion created by Appellant's point relied on. The point relied on states: "The trial court erred in not giving Appellant's converse, Instruction No. A, which properly conversed the elements of the verdict director, including the culpable mental state of purposefully 'arousing or gratifying the sexual desire of any person' as required by Section 566.010, RSMo."

The State, in its response, only addresses the issue of whether the definition of "deviate sexual intercourse" is simply part of the definitional language among the elements or a separate element of the crime. The trial court did address that issue and properly rejected the instruction because it conversed too many things and it did not converse them in the same order that they were presented in the verdict direction. The basis of the court's decision was not that the mental state was improperly injected into the converse instruction.

The majority opinion apparently relies upon MAI–CR 3d 308.02, Notes on Use 4(D); however, I believe the appropriate paragraph is MAI–CR 3d 308.02, Notes on Use 4(E), entitled conversing more than one paragraph. The proposed converse clearly covered more than one paragraph of the verdict director and in so doing should have been numbered in the same manner as the verdict director. Defendant sought to converse the first two elements of the verdict director; however, he did so in a convoluted order. He gave partial facts from the first paragraph, "on or about the 6th day of December, 2002"; then gave the definition of the mental element in the second paragraph, "with the purpose of arousing or gratifying the sexual desire of any person"; returned to the first paragraph, "committed an act"; returned to the second paragraph, "constituting deviate sexual intercourse"; and finally, quoted language from the first paragraph, "involving the hand of [Defendant] and the genitals of [the victim]."

I find *State v. Matthews*, 37 S.W.3d 847 (Mo.App. S.D.2001), to be instructive. In *Matthews*, defendant tendered a converse jury instruction; however, the proposed converse divided three separate facts from the first paragraph of the verdict director into three separate paragraphs. *Id.* at 851. This Court stated:

We note that MAI–CR3d 308.02 instructs to insert the element or elements

to be covered in the converse instruction "using the language from the verdict director," and refers the reader to the Notes on Use for examples. Notes on Use 4(B) states that when conversing one paragraph of the verdict director, the material that follows the introductory phrase of the converse, "must be taken from the verdict director." In the instant case, Defendant sought to converse all of the material in paragraph First of [the verdict director], but the language contained in [the proposed converse] following the introductory phrase did not track that contained in paragraph "First" of the verdict director either in form or content. While there is no contention that the language used by Defendant in constructing [the converse] unfairly characterized the language from [the verdict director], the fact remains that the language in [the converse] was not "taken from [the verdict director]" as directed by Notes on Use 4(B). [The given converse], however, did utilize the same language, in one paragraph, just as it appeared in paragraph First of [the verdict director].

This Court held that the proposed converse was not in proper form in that it was not in strict compliance with MAI–CR 3d 308.02 or its Notes on Use. *Id.* at 852. Even if an instruction was improperly denied, the prejudicial effect of the failure to give the instruction was to be judicially determined. *Id.* We noted that even if the defendant was correct that his proposed converse was consistent with MAI–CR 3d 308.02 and the Notes on Use, the defendant was not prejudiced by the failure to give the tendered instruction because a proper converse was given to the jury and the jury was, in fact, instructed under a converse that correctly declared the law. *Id.*

Likewise, Defendant was not entitled to a converse instruction that was not in compliance with MAI. Although neither party addressed in its argument whether the actual proposed instruction was a proper converse, and, more importantly, whether Defendant was prejudiced by the denial of the proposed instruction, I would find that the proposed instruction was properly refused.

After reviewing Appellant's other points for plain error, I would affirm the judgment.