**STATE of Missouri, Respondent,**

v.

**Earl CLARK, Appellant.**

**Earl CLARK, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 66259, 68232.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 30, 1996.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Cheryl A. Caponegro, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Earl Clark (defendant) was charged, jury-tried and convicted on six felony charges.[1] He appeals (1) the sufficiency of the evidence with regard to Count III and Count IV; and (2) the denial of his Rule 29.15 post conviction relief without an evidentiary hearing. The other convictions are not the subject of this appeal.

Defendant's claim that the state failed to make a submissible case on the charges of assault first degree and armed criminal action is without merit. On June 16, 1993, defendant and an accomplice entered a retail grocery store for the purpose of robbing the owner of the store and some customers in the store. An armed security guard arrived at the scene and shot the accomplice. In retaliation, defendant shot the guard in the arm before the guard shot him. Subsequently, the accomplice died of his wound. Officers followed a trail of blood from the store to an apartment where they found defendant. Defendant then told the police "You've got me, I was shot in a hold-up." This evidence was sufficient to support submission of the assault first degree and related armed criminal action charges. Reasonable jurors could have concluded from this evidence that de-

---

1. The state charged defendant with the following counts: Count I, murder second degree; Count II, IV, and VI, armed criminal action; Count III, assault first degree; and, Count V, robbery first degree.

fendant attempted to kill or cause serious physical injury to the guard by shooting at him.

 The remaining issue pertains to defendant's appeal of denial of Rule 29.15 relief without an evidentiary hearing. He contends his trial counsel was ineffective for failing to submit an instruction on the lesser included offense of assault second degree. He contends he may have been found not guilty of assault first degree because there was evidence only the guard's arm was visible to the defendant at the time of the shooting. Defendant abandoned his other post conviction claims because he failed to brief and argue the issues.

■ We review this issue in accord with Rule 29.15(j); *State v. Khoshaba,* 878 S.W.2d 472, 475 (Mo.App.E.D.1994). We find the decision of the trial court that counsel was not ineffective for failing to submit an assault second degree instruction was not clearly erroneous. "The trial court is not required to instruct the jury with respect to a lesser included offense unless there is a basis for acquitting the defendant of the offense charged and convicting him of the lesser included offense." *State v. McMahan,* 821 S.W.2d 110, 112 (Mo.App.1991) (*citing State v. McBurnett,* 694 S.W.2d 769, 772 (Mo.App. 1985)). Counsel is not ineffective for failing to make a request which has no merit. *See State v. Six,* 805 S.W.2d 159, 168 (Mo. banc 1991).

Here, the evidence showed defendant aimed his gun and fired at the security guard at close range after the guard wounded his accomplice. Defendant admits he fired his gun at the guard. The store owner testified the gun defendant held looked like a .38 with "about [a] four-inch barrel." The use of a dangerous weapon under the circumstances supports the inference of an intent to kill or do serious physical injury. There was no contrary evidence to support finding the lesser crime.

■ Further, in the absence of reasonable probability of a different result there cannot be prejudice from acts of counsel. *Strickland v. Washington,* 466 U.S. 668, 694, 104

S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). There is no reasonable probability the result of the trial on the assault and armed criminal action charges would have been different if the instruction had been submitted.

We affirm the judgment and sentence on the assault first degree and armed criminal action charges and denial of post conviction relief under Rule 29.15.

REINHARD, P.J. and CRANDALL, J., concur.