**STATE of Missouri, Respondent,**

v.

**Dennis R. BARNARD, Appellant.**

No. WD 54065.

Missouri Court of Appeals,
Western District.

April 28, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 2, 1998.

Application for Transfer Denied
Aug. 25, 1998.

Kent Denzel, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and HANNA and RIEDERER, JJ.

## FACTS

RIEDERER, Judge.

In 1995, the thirteen year old Victim lived in Rich Hill, Missouri with her grandmother and her step-grandfather, the Appellant Dennis Barnard. Because of her grandmother's serious medical problems, the Victim was placed in foster care with a foster family around Butler, Missouri. In November 1995, Appellant drove to the foster household three or four times to pick up Victim and take her to visit her grandmother.

In May, 1996, Victim told a family services worker that she had been raped by Appellant. In June, 1996, Appellant was questioned about the incident. He was advised of his Miranda rights and signed the waiver form. Appellant made a tape-recorded statement, claiming that Victim sat on his lap with her pants down, and "I put my thing out and . . . [s]he sat down on it." Appellant also admitted that "he touched her on her thing."

On January 28, 1997, Appellant was charged by amended information with statutory sodomy, Section 566.062, RSMo (1994) in the Circuit Court of Bates County.

At trial, Victim testified that she was riding in Appellant's car about a week before Thanksgiving in 1995. Appellant pulled the car over to the side of the road, about ten to twelve miles from Rich Hill. Victim was wearing a dress with loose legged boxer shorts underneath. Victim testified that Appellant kept scooting closer to her, then stuck his hand under her dress and up the leg of her boxer shorts, and then "stuck . . . his finger up in my vagina." The state also introduced into evidence Appellant's tape-recorded statement denying that he penetrated the vagina and admitting that he "touched her on her thing." Appellant did not testify at trial.

A jury found Appellant guilty of statutory sodomy in the first degree, and Appellant was sentenced to five years in the Missouri Department of Corrections. On March 6, 1997, Appellant filed notice of appeal.

On appeal, Appellant contends that (1) the trial court erred in sustaining the State's objection to testimony that the Victim had previously made and recanted allegations of sexual misconduct; (2) the trial court erred in refusing Appellant's tendered instruction on the offense of second degree child molestation as a lesser included offense of statutory sodomy; (3) the trial court erred in quashing Appellant's subpoenas for Victim's medical records and in refusing to review the records *in camera;* and (4) the trial court plainly erred in admitting testimony of a

witness who stated that Victim told her that Appellant had previously engaged in sexual misconduct with Victim. Because the second issue is dispositive of the appeal, we do not address the other three.

**Lesser Included Offense**

Appellant claims that the trial court erred in refusing to instruct the jury that, if the jury failed to convict Appellant on the crime charged, then the jury must consider whether the Appellant is also guilty of the crime of child molestation in the second degree. Appellant tendered Instruction A, patterned on MAI–CR 320.19, as follows:

INSTRUCTION NO. A

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about November, 1995, in the County of Bates, State of Missouri, the defendant touched the genitals or breast of [Victim], and

Second, that he did so for the purpose of gratifying his own sexual desire and

Third, that at the time [Victim] was then thirteen years old, then you will find the defendant guilty of child molestation in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of child molestation in the second degree, you will assess and declare one of the following punishments:

1. Imprisonment in the county jail for a term fixed by you, but not to exceed one year.

2. Imprisonment in the county jail for a term fixed by you, but not to exceed one year and in addition a fine, the amount to be determined by the Court.

3. No imprisonment but a fine, the amount to be determined by the Court.

The maximum fine which the Court may impose is $1000.00.

(MAI–CR 3d 320.19).

The trial court refused Instruction A, relying on the Missouri Supreme Court opinion of *State v. Fields,* 739 S.W.2d 700 (Mo. banc

1987). In *Fields,* the Supreme Court found that sexual abuse in either the first or second degree was not a lesser included offense of sodomy, as those statutes applied to the facts of that case. *Id.* at 703. When the Supreme Court decided *Fields* in 1987, sexual abuse in the first degree included an element of forcible compulsion, not present in sodomy, and thus could not be a lesser included offense. *Id.* The court found that in cases where only touching was alleged, second degree sexual abuse was not a lesser included offense of sodomy, because the two statutes prohibited the same conduct. *Id.* at 704–05.

Appellant argues that child molestation in the second degree, Section 566.068, is a lesser included offense of statutory sodomy in the first degree, Section 566.062, and that it is error to refuse to instruct down when the evidence supports it and Appellant requests it.

Section 556.046 provides as follows:

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged....

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

 The trial court is required to instruct the jury on a lesser included offense if the evidence shows the lack of an essential element of the greater offense, thereby providing a basis for a verdict acquitting the defendant of the greater offense and convicting the defendant of the lesser offense. *State v. Tivis,* 948 S.W.2d 690, 694 (Mo.App. 1997). This "basis" must consist of more than possibility or speculation concerning what happened. *Id.* Doubts concerning whether to instruct on a lesser-included charge should be resolved in favor of including the instruction. *Id.* However, there must be evidence in the record to support the giving of the instruction. *Id.* In its absence, a trial court should not instruct on a lesser-

included offense merely because the jury might disbelieve some of the state's evidence or decline to draw some or all of the permissible inferences. *Id. See also State v. Briscoe,* 892 S.W.2d 355, 356 (Mo.App.1995); *State v. Warrington,* 884 S.W.2d 711, 717 (Mo.App.1994).

■ In determining whether the court erred in not giving an instruction on a lesser-included offense, there are two questions to be answered: (1) was the offense a lesser-included offense; and (2) was the evidence such that it was error not give the instruction. *State v. Neighbors,* 613 S.W.2d 143, 148 (Mo.App.1980).

### A. Statutory Elements Test

■ To determine the first question, this court applies the "statutory elements test." *Id.* That test is most often stated as follows: "If the greater of the two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater." *Id.* This test was first adopted in *State v. Amsden,* 299 S.W.2d 498, 504 (Mo.1957), and reaffirmed many times over in the intervening years.

Appellant was charged with statutory sodomy in the first degree, under Section 566.062, which provides: "A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." "Deviate sexual intercourse" means "any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person." Section 566.010(1). The Second Amended Information, filed without objection two days before trial, charged "that the defendant, in violation of Section 566.062, RSMo, committed the felony of statutory sodomy in the first degree, punishable upon conviction under Section 566.062, RSMo, in that during the month of November, 1995, in the County of Bates, State of Missouri, the defendant had deviate sexual intercourse

with Victim, who was less than fourteen years old." The trial court gave Instruction No. 7, patterned on MAI–CR 320–11.

Section 566.068.1 provides that "A person commits the crime of child molestation in the second degree if he subjects another person who is twelve or thirteen years of age to sexual contact." Section 566.010(3) provides that "sexual contact" means "any touching of another person with the genitals or a touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying the sexual desire of any person."

■ When examining whether one offense is a lesser included of the other, the analysis focuses on the elements required by the statutes proscribing the offenses. *State v. Mizanskey,* 901 S.W.2d 95, 98 (Mo.App.1995). The statutory elements of statutory sodomy in the first degree are (1) deviate sexual intercourse (2) with another person who is less than 14 years old. Since there are several kinds of conduct that can constitute deviate sexual intercourse, the evidence in this case dictated a verdict director which required the state to prove (1) Appellant penetrated Victim's vagina with his finger; (2) defendant did so for the purpose of arousing or gratifying the sexual desire of any person; (3) Victim was less than fourteen years old. The statutory elements of child molestation in the second degree are that Appellant (1) subjects a person 12 or 13 years old (2) to sexual contact. Since there are several kinds of conduct that can constitute "sexual contact," the evidence in this case would have dictated a verdict director requiring proof that (1) Appellant touched the vagina of Victim; (2) defendant did so for the purpose of arousing or gratifying the sexual desire of any person; and (3) Victim was either 12 or 13 years old.

■ An instruction on a lesser offense is not proper unless it is impossible to commit the greater without committing the lesser. *Id.* The undisputed evidence in this case is that Victim was 13 years old when the acts charged took place. Therefore, the second and third statutory elements of both statutory sodomy in the first degree and child molestation in the second degree, as identified above, are identical. The question whether

"it is impossible to commit the greater without committing the lesser" becomes, under the facts of this case, whether it is impossible to penetrate the vagina of the Victim with the Appellant's finger without the Appellant touching the vagina of the Victim. It is.

■ We therefore conclude that under the facts of this case, the crime of child molestation in the second degree is a lesser included offense of statutory sodomy in the first degree.

### B. Evidence Such That It Was Error Not To Instruct

■ We come, therefore, to the second question implied by the Appellant's claim: was the evidence such that it was error not give the instruction? *Neighbors,* 613 S.W.2d at 148. A court must give an instruction on a lesser included offense only if supported by the evidence. *State v. Booker,* 631 S.W.2d 854, 856 (Mo.1982); Section 556.046.2 RSMo (1994). A trial court is not obligated to instruct on a lesser included offense unless there is a basis for an acquittal of the greater offense and a conviction of the lesser offense. *State v. Mease,* 842 S.W.2d 98, 110–11 (Mo. banc 1992). A lesser included offense instruction is not required where there is strong and substantial proof of the offense charged, and the evidence does not suggest a questionable essential element of the more serious offense charged. *State v. Dewey,* 869 S.W.2d 834, 837 (Mo.App.1994). In order for there to be a basis for an acquittal of the greater offense, there must be some evidence that an essential element of the greater offense is lacking and the element that is lacking must be the basis for acquittal of the greater offense and the conviction of the lesser. *State v. Baker,* 791 S.W.2d 939, 941–42 (Mo.App.1990).

"As a general proposition, a trial court should resolve all doubts upon the evidence in favor of instructing on the lower degree of the crime, leaving it to the jury to decide which of two or more grades of an offense, if any, the defendant is guilty. (*cite omitted* ). Sometimes ... a fine line separates the higher from the lower degree of the offense. The defendant is not prejudiced by the submission of the lower degree of the offense, though a finely milled analysis of the evidence might lead to the conclusion that it supported the submission only of the higher degree of the offense." *State v. Ellis,* 639 S.W.2d 420, 422–23 (Mo. App.1982).

■ In this case, while being questioned by a Division of Youth Services worker, Appellant stated, "Well, I touched her on her thing, yeah, and then I kind of pulled my hand back." This statement was part of a taped interview of Appellant, which the State adduced at trial. In this statement, Appellant denied penetration and admitted touching. Evidence of penetration was adduced by the state when Victim testified that Appellant stuck his hand up the leg of her baggy, boxer-type shorts and penetrated her vagina with his finger. Credibility was the central issue in the case. Depending on which evidence the jury believed, the jury could have acquitted the Appellant of statutory sodomy in the first degree and convicted him of child molestation in the second degree.

This is not a case where the jury might merely disbelieve the Victim. Rather, there is evidence, adduced by the state, that would provide a "basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense." *Tivis,* 948 S.W.2d at 694. We resolve any doubt concerning whether to instruct on a lesser-included charge in favor of including the instruction. *Id.* In this case, the evidence was such that it was error not to give the instruction.

Therefore we reverse Appellant's conviction of first degree statutory sodomy and remand for a new trial.

LAURA DENVIR STITH, P.J., and HANNA, J., concur.