Michael J. BECKER,
Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 90426.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 2, 2008.

Mark A. Grothoff, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The movant appeals the denial, without an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. Following his conviction by a jury in the Circuit Court of Washington County, the trial court entered judgment against the movant for first-degree statutory sodomy, in violation of section 566.062 RSMo. (2000),[1] sentencing him to life in prison. On appeal, the movant claims that the motion court clearly erred because his trial counsel was ineffective in failing to request a lesser-included jury instruction for first-degree child molestation. Although we conclude that first-degree child molestation constitutes a lesser-included offense of first-degree statutory sodomy in this case, the movant cannot show that any basis existed for his acquittal of the greater offense and his conviction of the lesser. Therefore, he was not entitled to a jury instruction for first-degree child molestation, and we will not deem trial counsel ineffective for failing to request such an instruction. We affirm the motion court's judgment.

The movant was charged with one count of first-degree statutory sodomy. At trial, the victim explained that the movant began dating her mother when the victim was seven or eight years old and moved into the victim's home shortly thereafter. The victim testified to an incident in late 2002, when she was ten years old, which constituted the basis for the charge of first-degree statutory sodomy. She awoke to find the movant lying behind her on the bed and the movant's hand inside her shorts and underwear. She stated that the movant rubbed her vagina and confirmed that he penetrated her vagina. The victim also described several other occasions when she awoke to the feeling of tugging on her shorts, and each time she found the movant standing over her.

The victim reported the incidents to the police, who then questioned the movant. The movant did not testify at trial, but the investigating police officers testified that the movant told them, after waiving his *Miranda* rights, that the 2002 incident was an accident and that he did not know how it happened. According to the officers, the

---

1. All statutory references are to RSMo. (2000) except as otherwise indicated.

movant claimed that he was on medication and may have thought he was lying in bed with his girlfriend. The State also introduced tapes containing the movant's statements to police. The jury convicted the movant of one count of first-degree statutory sodomy, and the court entered judgment and sentenced the movant to life in prison. This Court affirmed the movant's conviction on direct appeal. *State v. Becker*, 201 S.W.3d 56 (Mo.App. E.D.2006).

The movant then filed a motion for post-conviction relief, claiming that his trial counsel was ineffective in failing to request a jury instruction for the lesser-included offense of first-degree child molestation. The motion court denied post-conviction relief without an evidentiary hearing. The court concluded that the movant's asserted defense that he did not knowingly sodomize the victim was inconsistent with an instruction for first-degree child molestation. Thus, the motion court ruled, trial counsel's failure to request a jury instruction for a lesser-included offense was a matter of trial strategy and did not constitute ineffective assistance of counsel. We fail to follow the motion court's reasoning that the movant's asserted defense that he did not knowingly sodomize the victim was inconsistent with an instruction for first-degree child molestation. The defense that any touching was accidental applies equally to first-degree statutory sodomy and first-degree child molestation because each offense posits an underage victim who is incapable of consent and that the touching be done for the purpose of arousing or gratifying any person's sexual desire. Section 566.010(1) and Section 566.010(3) RSMo. (Supp.2007). However, regardless of the motion court's findings and conclusions in denying relief, we must affirm the judgment if sustainable upon other grounds. *Bode v. State*, 203 S.W.3d 262, 267 (Mo.App. W.D.2006); *see also Howard*

*v. State*, 59 S.W.3d 586, 590 n. 3 (Mo.App. E.D.2001).

Our review of a motion court's denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005); *Helmig v. State*, 42 S.W.3d 658, 665–66 (Mo.App. E.D.2001). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, this Court is left with a definite and firm impression that a mistake has been made. *Williams*, 168 S.W.3d at 439; *Helmig*, 42 S.W.3d at 666. To receive an evidentiary hearing on a Rule 29.15 motion, a movant must meet three requirements: (1) the motion must allege facts, not conclusions, which warrant relief; (2) the facts alleged raise matters not refuted by the record; and (3) the facts alleged establish prejudice to the movant. *Williams*, 168 S.W.3d at 439.

The movant alleges ineffective assistance of counsel. To show ineffective assistance of counsel, a movant must demonstrate: (1) that counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) that counsel's deficient performance prejudiced the defense by showing a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Williams*, 168 S.W.3d at 439 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Counsel's performance will not be deemed ineffective unless a movant satisfies both elements of the *Strickland* test. *Helmig*, 42 S.W.3d at 667.

The movant claims that trial counsel was ineffective in failing to request an instruction for first-degree child molestation as a lesser-included offense of first-

degree statutory sodomy. He argues that because there was no evidence of penetration of the victim's vagina, he was entitled to such an instruction and was prejudiced by trial counsel's failure to request it. In order for us to deem trial counsel ineffective, we must first make two distinct determinations. First, we must determine whether first-degree child molestation constitutes a lesser-included offense of first-degree statutory sodomy. Then, if we so find, we must determine whether an evidentiary basis existed to acquit the movant of the greater offense and convict him of the lesser.

■■■ An offense qualifies as a lesser-included offense when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" Section 556.046.1(1) RSMo. (2000 & Supp.2007). The statutory-elements test determines whether an offense is a lesser-included offense. *State v. Van Doren*, 657 S.W.2d 708, 715 (Mo.App. E.D.1983).

> The statement of the general rule necessarily implies that the lesser crime must be included in the higher crime with which the accused *is specifically charged*, and that the averment of the indictment *describing the manner in which the greater offense was committed* must contain allegations essential to constitute a charge of the lesser, to sustain a conviction of the latter offense.

> If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.

*State v. Smith*, 592 S.W.2d 165, 166 (Mo. banc 1979) quoting *State v. Amsden*, 299 S.W.2d 498, 504 (Mo.1957) (emphasis add-

ed). In other words, "[i]dentification of less[er-]included offenses requires that the greater of the two offenses encompass all of the legal and factual elements of the lesser crime." *Van Doren*, 657 S.W.2d at 715. "An offense is a lesser[-]included offense if it is impossible to commit the greater without necessarily committing the lesser." *State v. Derenzy*, 89 S.W.3d 472, 474 (Mo. banc 2002) (4–3 decision).

Section 556.046 tracks the language of the Model Penal Code, which adopts the majority rule. *State v. Hibler*, 5 S.W.3d 147, 150 (Mo. banc 1999).

> The majority rule ... is that a lesser crime is an included offense when it consists of legal elements which must always be present for the greater crime to have been committed *in the manner in which the greater crime is charged in the accusatory pleading.*

*Id.* (quoting Jerrold H. Barnett, *The Lesser–Included Offense Doctrine: A Present Day Analysis for Practitioners*, 5 Conn. L.Rev. 255, 291 (1971) (emphasis added), cited in Model Penal Code and Commentaries, sec. 1.07, at 130 & n. 109 (1985)). "The lesser[-]included offense doctrine in criminal law generally allows the trier of fact to convict a defendant of an offense that is less serious than the offense with which he was *charged in the accusatory pleading.*" *Id.* (quoting Christen R. Blair, *Constitutional Limitations on the Lesser Included Offense Doctrine*, 21 Am.Crim. L.Rev. 445 (1984) (emphasis added)). The analysis should focus on the statutory elements of each offense rather than on the evidence adduced at trial. *State v. McTush*, 827 S.W.2d 184, 188 (Mo. banc 1992).

It has been posited that differing "approaches" to the statutory-elements test may exist. *Smith*, 592 S.W.2d at 166. In considering whether trespass was a lesser-included offense of burglary, the *Smith*

court questioned whether it should consider the legal and factual elements of the burglary statute or the legal and factual elements of the burglary charge. And in *State v. Derenzy*, the Court held that the statutory-elements test should be applied without reference to the manner in which the greater offense is charged. 89 S.W.3d at 474. In deciding that possession of marijuana is a lesser-included offense of delivery of a controlled substance within 2,000 feet of a school, the Supreme Court stated, "The elements of the two offenses must be compared in theory, without regard to the specific conduct alleged." *Id.* These cases fail to fully describe the correct method of analysis.

There are not two "approaches" to the statutory-elements test, but merely a differing requirement for the test when the statute defining the greater offense allows for alternative methods of commission, in which circumstance the court must consider the manner in which the greater offense is charged. If the statute criminalizing the greater offense allows only a single method of commission and the statute criminalizing the purported lesser offense likewise identifies only a single method of commission, the determination of whether a lesser offense is included in the greater offense can be completed by comparing the elements as set forth in the two statutes. The court need not refer to the charging

instrument. The statutory elements can be fully determined from the statutes themselves because the statutes allow no alternative methods of commission.

However, the analysis of statutory elements will require reference to the charging instrument whenever the greater offense allows for alternative methods of commission.[2] For example, in *State v. Friedman*, the felony statute at issue prohibited various methods of cheating and defrauding, but only one such method applied in that case. 398 S.W.2d 37, 39 (Mo.App.St.L.Dist.1965). The *Friedman* Court stated that the query should be restricted to whether the misdemeanor offense at issue was a lesser-included offense of that part of the statute under which the defendant was charged with a felony. Id. With offenses such as first-degree statutory sodomy, where the statute identifies some ten different actions that constitute the offense, we must consider the manner in which the greater offense is actually charged. And with crimes such as first-degree child molestation, where the statute likewise identifies numerous acts that constitute the crime, we need consider the manner in which the purported lesser offense would be charged.[3]

Applying the statutory-elements test, we shall consider the constituent elements of each offense to determine if first-degree

**2.** Although not pertinent here, we further note that reference to the State's verdict-directing instruction, which always submits the statutory elements, might be necessary in the exceptional case. If the State's charging instrument itself allows for alternative methods of commission, but the State elects to submit the offense to the jury on merely some of the alternative methods of commission, the statutory elements of the greater offense could not be determined until the election occurred.

**3.** When we rejected the so-called "charge or averments" test in *State v. Gobble*, it was not in reference to this precise issue. 675 S.W.2d

944, 948 (Mo.App. E.D.1984). We merely held that a lesser offense need not be submitted because the same evidence would support the averments of both a greater and a lesser offense. *Id.* Of course, this is because we compare the legal elements of the two offenses, rather than the evidence adduced at trial. *McTush*, 827 S.W.2d at 188. The inaptly-named "charge or averments" test does not examine whether the statutory-elements test may require consideration of the charge or averments in determining the statutory elements at issue.

child molestation is a lesser-included offense of first-degree statutory sodomy as the latter offense was charged in this case. "A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." Section 566.062.1. "Deviate sexual intercourse" is defined as:

[A]ny act involving the genitals of one person and the hand, mouth, tongue, or anus of another person *or* a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person[.]

Section 566.010(1) (emphasis added). In addition, the statute sets forth several factors that enhance the seriousness of the crime and increase the minimum sentence. Section 566.062.2. One such aggravating factor is the presence of a victim under the age of twelve, which exists in this case and was undisputed at trial. Thus, the elements of statutory sodomy as charged here are: 1) hand-to-genital touching; 2) for the purpose of arousing or gratifying sexual desire; 3) involving a person under the age of twelve.

"A person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact." Section 566.067.1. The definition of "sexual contact" as relevant here includes "any touching of the genitals or anus of another person ... for the purpose of arousing or gratifying [the] sexual desire of any person." Section 566.010(3) RSMo. (Supp. 2007). Thus, the elements of first-degree child molestation are: 1) touching the genitals; 2) for the purpose of arousing or gratifying sexual desire; 3) involving a person under the age of fourteen.

As the State charged first-degree statutory sodomy in this case, it encompasses all of the legal and factual elements of first-degree child molestation, namely that the movant touched the victim's genitals for the purpose of arousing or gratifying sexual desire and that the victim was under the age of twelve. Because the victim was less than twelve years old, as required for the enhanced charge of first-degree statutory sodomy, the victim was also by necessity less than fourteen years old as required for the lesser charge of first-degree child molestation. Thus, first-degree child molestation would be a lesser-included offense of first-degree statutory sodomy in this case because it was impossible for the movant to commit first-degree statutory sodomy without necessarily committing first-degree child molestation.

■■■ But our inquiry does not end here. Where an offense is a lesser-included offense of that charged, then the issue becomes whether a basis exists to acquit of the offense charged and convict of the lesser. *Hibler*, 5 S.W.3d at 150. A trial court has no obligation to instruct the jury on a lesser-included offense unless a basis exists for acquitting the defendant of the greater offense charged and convicting him of the lesser-included offense. Section 556.046.2 RSMo. (Supp.2007); *State v. Neil*, 869 S.W.2d 734, 739 (Mo. banc 1994); *State v. Clark*, 914 S.W.2d 441, 443 (Mo. App. E.D.1996). "A lesser[-]included[-] offense instruction is not required where there is strong and substantial proof of the offense charged, and the evidence does not suggest a questionable essential element of the more serious offense charged." *State v. Barnard*, 972 S.W.2d 462, 466 (Mo.App. W.D.1998). To have a basis for acquittal of the greater offense, "there must be some evidence that an essential element of the greater offense is lacking and the element that is lacking must be the basis for

acquittal of the greater offense and the conviction of the lesser." *Id.*

Now we reach the critical issue, which precludes the movant's claim for relief. The movant fails to establish that he was entitled to an instruction for first-degree child molestation because no basis existed for acquitting him of first-degree statutory sodomy and convicting him of only the lesser offense. The movant relies on *State v. Barnard* to argue that without evidence that he penetrated the victim's vagina, a basis existed to acquit him of first-degree statutory sodomy. The Court in *Barnard* held that, under the facts of that case, it was impossible for the defendant to commit first-degree statutory sodomy by penetrating the victim's vagina with his finger without also committing second-degree child molestation by touching the victim's vagina. *Id.* at 465–66. Therefore, second-degree child molestation was a lesser-included offense of first-degree statutory sodomy in those circumstances. *Id.* at 466. The *Barnard* Court concluded that because the State adduced evidence, in the form of the defendant's statement, that provided a basis for acquitting the defendant of the greater offense and convicting him of the lesser, the trial court erred in refusing to give an instruction for second-degree child molestation.[4] *Id.*

However, the Western District decided *Barnard* pursuant to an earlier version of section 566.010(1), which did not include hand-to-genital contact without penetration in its definition of "deviate sexual

intercourse."[5] According to the plain language of the statutes applicable here, penetration of the vagina constitutes only one way a person might commit statutory sodomy, and penetration is not an essential element for every case. Sections 566.062.1 and 566.010(1). There are two categories of acts that meet the definition for deviate sexual intercourse as required to commit the crime of first-degree statutory sodomy. *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007). These acts are: 1) any act involving contact between the genitals of one person and the hand, mouth, tongue, or anus of another person, known as "contact sodomy"; and 2) a sexual act involving the penetration of the sex organ or anus by a finger, instrument, or object, known as "penetration sodomy." Section 566.010(1); *Soto*, 226 S.W.3d at 166. A person can commit the crime of statutory sodomy simply by touching the victim's genitals with a hand. Sections 566.062.1 and 566.010(1); *Soto*, 226 S.W.3d at 166. To assert that the current statutory definition of "deviate sexual intercourse" requires penetration is a misreading of the statute. *Id.* Here the verdict director hypothesized that "the [movant] placed his hand and[/]or finger on [the victim's] vagina," making plain that the form of deviate sexual intercourse being submitted involved hand-to-genital contact, or "contact sodomy."[6]

Touching the victim's vagina, even without penetration as instructed in this case,

---

4. The State in *Barnard* introduced the defendant's statement wherein he admitted touching the victim but denied penetration. 972 S.W.2d at 463.

5. Section 566.010(1) RSMo. (1994) defined "deviate sexual intercourse" as "any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the

anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person." *Id.* at 463, 465.

6. Although the State did not charge the movant with first-degree statutory sodomy based on penetration of the sex organ by a finger, a form of "penetration sodomy," the victim testified that the movant's finger did in fact penetrate her vagina.

supports a conviction for the greater offense of statutory sodomy. *See id.* Thus, it is true that the same act supports a conviction for first-degree child molestation. And the mental state required for conviction of each offense is the same because each requires that the act be done for the purpose of arousing or gratifying any person's sexual desire. Finally, the age element of enhanced first-degree statutory sodomy (a victim under age twelve) necessarily encompasses the age element of first-degree child molestation (a victim under age fourteen) because every person under age twelve is also under age fourteen. In fact, unenhanced first-degree sodomy and first-degree child molestation contain identical elements. Although here the movant was charged with the enhancement and the age of the victim was not disputed, we note that Missouri law specifically provides that a lesser-included offense may be established by proof of the *same* or less than all the facts required to establish the commission of the greater offense. Section 556.046.1(1) RSMo. (2000 & Supp.2007) (emphasis added).

But precisely because the two offenses are established by the same facts, other than the uncontested issue of the victim's age, the movant cannot show that any basis existed for his acquittal of the greater offense of first-degree statutory sodomy and his conviction only of the lesser-included offense of first-degree child molestation. The movant cannot cite any evidence that an essential element of first-degree statutory sodomy was lacking, which would serve as a basis for acquittal of the greater offense and conviction of the lesser. *Barnard*, 972 S.W.2d at 466. Therefore, the movant cannot demonstrate that he was entitled to a jury instruction for first-degree child molestation. And we will not deem trial counsel ineffective for failing to request a jury instruction to which a defendant is not entitled. *See Clark*, 914

S.W.2d at 443 ("Counsel is not ineffective for failing to make a request which has no merit."). The movant has failed to allege facts that warrant relief, and he has failed to establish prejudice.

▪▪ Furthermore, the movant had no entitlement to prosecution only for the lesser crime of first-degree child molestation rather than the more serious crime of first-degree statutory sodomy. "It is axiomatic that a single act may constitute an offense under two different statutes. It is then the responsibility of the prosecutor to elect under which statute to proceed." *State v. Kaiser*, 139 S.W.3d 545, 552 (Mo. App. E.D.2004) (citation omitted). Where the legislature provides that the same facts may constitute separate offenses, the prosecution has discretion to determine which charge to bring. *Id.* (quoting *State v. Hermanns*, 641 S.W.2d 768, 770 (Mo. banc 1982)).

The motion court did not clearly err in denying post-conviction relief without an evidentiary hearing. We affirm the motion court's judgment.

BOOKER T. SHAW and KURT S. ODENWALD, JJ., concur.